## Khourie Brothers v. L. Jonas & Company.

(Decided November 28, 1922.)

### Appeal from Fulton Circuit Court.

1. Sales—Requisites and Validity of Contract.—A verbal agreement entered into by a traveling salesman of a wholesale concern to the effect that so much of a bill of goods purchased by the retail merchant as was unsatisfactory or were unsold at the end of the season might be returned to the wholesale concern, and the retail merchant have credit for said stock so returned, is enforcible although the bill made out and sent in by the traveling salesman to his house contains no reference to said agreement.

2. Sales—Action to Collect Balance on Sale—Pleading—Instructions.—In a suit by a wholesale concern to collect the balance due it from the retail merchant, the answer presents the defense that by a verbal agreement made by the retail merchant with the salesman of the wholesale concern, the said retail merchant was to have credit with the wholesale concern for any goods returned by said retailer because unsatisfactory or left unsold at the end of the season, and that in pursuance to said agreement the retailer had returned certain consignments amounting to a given sum, it is error for the trial court to peremptorily direct the jury to find and return a verdict for the wholesale concern. The court should in such case give to the jury an instruction presenting the theory of the defense.

HERSCHEL T. SMITH for appellants.

ADAMS & STEMBRIDGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellants are retail merchants at Fulton, Kentucky, while appellee, a corporation, is a wholesale merchandising concern in Nashville, Tennessee. In the early spring

of 1918 a traveling salesman representing appellee, Jonas and Company, called on appellants at Fulton for the purpose of selling them a bill of ladies' coats and suits and perhaps other merchandise, and succeeded in obtaining an order for a small bill which was shortly thereafter shipped from Nashville to Khourie Brothers at Fulton. In a few weeks thereafter Khourie Brothers bought through the same drummer other goods consisting of ladies' suits and other apparel, the two bills amounting to $500.75. The goods were to be shipped in time for the early fall, 1918, trade. A part of the bill has not been paid, and Jonas and Company instituted this action in the Fulton circuit court to recover the amount charged to be due. To the petition Khourie Brothers filed an answer by which it traversed the material averments of the petition, and further alleged in substance that it bought the goods in question through a drummer by oral contract containing a provision that such of the merchandise as had not been sold at the end of the season, 1918, might be returned by appellants to appellee; and further any goods which were unsatisfactory or were not salable on account of not being properly made or were left over at the end of the season appellants might return and have credit at the cost price. Appellants further averred that on September 13, 1918, they returned to Jonas and Company goods to the amount of $147.00, which the said company received and accepted and for which the appellee gave appellants credit. Again on December 3, 1918, they returned merchandise to the amount of $231.50, which was received by Jonas and Company, but after examining and invoicing the same immediately placed it in the express wagon and returned the box to the depot, and there was a letter written by appellee to appellants telling them that the goods were at the Nashville depot at their risk, and that appellee would not receive the said goods and to credit the account of Khourie Brothers with their value. By reply appellee denied that it had any verbal contract with appellants whereby they were permitted to return any of the goods sold to them at any time at all, but again averred that Khourie Brothers were indebted to it in the sum of $383.45.

The only question presented by the pleadings as well as the proof is whether the salesman of appellee company, while acting within the apparent scope of his authority, entered into a verbal contract with appellants Khourie Brothers whereby the said wholesale concern

would take back all the goods not sold by appellants for any reason up to the end of the season, which was about January 1. Upon this proposition two witnesses testified for appellants that the verbal contract was so made and but for the making of such contract they would not have purchased the goods, while on the other hand one or more witnesses testified that there was no such verbal agreement and that the wholesale concern never made any such agreement with anyone. This was a sharp and definite issue of fact which should have been and was submitted to the jury for determination. The court, however, on motion of appellee company peremptorily directed the jury to find and return a verdict for it. This was reversible error for if, as alleged in the second paragraph of the answer and sustained by the evidence of two witnesses, the salesman of appellee company agreed with appellants in order to induce them to buy the goods to allow them to return any part of the stock unsold at the end of the season, then appellants were entitled to a verdict. Where the evidence is conflicting the parties are entitled to have their case submitted to the jury, and inasmuch as Khourie Brothers had returned at one time $147.00 worth of stock which was received by the company, and at a later date $231.40, or a total of $378.50, and had tendered to the wholesale concern their check for $122.00, there was, according to appellants, nothing due the appellee company. If, upon the contrary, there was no such oral agreement as claimed by appellants and the sale was an absolute one, then appellants should be required to pay the whole amount of the bill, less $147.00, which was the total of the first shipment of goods returned to and accepted by the company. While we have a rule often applied by courts to the effect that goods purchased by sample from a wholesale dealer through his agent and shipped to and received by the retailer and opened and inspected, or an opportunity for inspection given, and then placed upon the shelves of the retailer for the purpose of sale, cannot be returned by the retailer to the wholesaler, this rule has no application to the facts in this case. If the contract between the merchants were as contended by appellants they are entitled to have credit with the wholesaler for the second package of goods returned, and that would leave a balance owing the wholesalers of $122.00, which has been tendered in court. But if the contract is as contended by the cor-

poration, then they are entitled to recover the entire bill except $147.00. This was a question of fact which should have been submitted to the jury. The trial court erred in peremptorily directing a verdict for plaintiff.

Judgment reversed for proceedings consistent with this opinion.